[Civ. No. 15965.   Second Dist., Div. Two.   Feb. 11, 1948.]

LESTER W. WILLIAMS, Appellant, v. ROY W. GRAHAM, Defendant; HERMAN A. ZIEROLD, Intervener and Respondent.

650

Sidney Fischgrund and Samuel H. Sherman for Appellant.

Edmund F. Barker for Intervener and Respondent.

WILSON, J.—Defendant Graham agreed to convey certain real property to. plaintiff. The latter agreed to convey it to intervener. Upon defendant's failure to make a conveyance plaintiff brought this action to compel specific performance of the agreement. Intervener filed his complaint in intervention praying judgment in his favor for specific performance in the event that plaintiff should be successful in his action against defendant, or in the alternative for the damages suffered by him if plaintiff should be unable to convey title.

Upon trial of the case on the issues arising between plaintiff and defendant the court adjudged that by reason of plaintiff's failure to perform his part of the contract he was not entitled to a decree for specific performance against defendant. The trial then proceeded on the complaint in intervention. Since the decree that plaintiff was not entitled to a conveyance of the property from defendant precluded a

judgment of specific performance against him in favor of intervener, the only issue remaining was whether the latter could recover the damages suffered by him by reason of plaintiff's default and if so how much.

At the time plaintiff entered into the agreement to convey the property to intervener the latter made a deposit of $1,000 on the purchase price. Plaintiff did not inform intervener that he was not the owner of the property or that there was any impediment to his making a conveyance of good title. About three weeks after the execution of the agreement and the making of the deposit plaintiff and intervener met in the office of the real estate broker who had negotiated the sale where plaintiff "explained exactly how the title to the property was," and assured intervener that there was no doubt that he, plaintiff, would receive title to the property and that he would then convey it as required by their contract. He advised intervener "to go on with his plans, and wait, because he would get title to the property."

The court found (1) that at the time the agreement was made plaintiff fraudulently concealed from intervener the fact that plaintiff was not the owner of and did not have title to the property and fraudulently instructed his agent not to inform intervener of that fact; (2) that when intervener learned that plaintiff did not have title the latter thereupon falsely represented to intervener that he, plaintiff, would get title to the property and would convey the same to him; (3) that the fraudulent concealment by plaintiff of his lack of title to the property and his later false representations relative thereto were made with the intent that intervener should rely on the belief that plaintiff did have or could get title to the property; (4) that relying on such fraudulent representations intervener sold property which he then owned and occupied in his business and because he could not obtain title to the property involved in this action he was compelled to rent as a tenant a portion of the premises previously owned and sold by him at a rental of $150 per month for six months in order to carry on his business.

The court rendered judgment in favor of intervener for the sum of $1,900, representing the deposit on the purchase price and the amount paid by intervener for rental. Plaintiff has appealed from the judgment and from the order denying his motion for a new trial. The latter is a nonappealable order and the appeal therefrom will be dismissed.

■ 1. *Intervener is entitled to damages.* Plaintiff contends that the complaint in intervention does not state a cause of action for damages for the reason that it is not specifically alleged that intervener has been damaged. The facts hereinbefore stated as to the payment of the deposit and the rental which intervener was compelled to pay after he had sold his property furnish a plain inference that intervener has suffered monetary damage in the sums mentioned. The allegations of fact are followed by a prayer for judgment for the amounts expended. The absence of a formal allegation that intervener had been damaged in those amounts does not render the complaint in intervention insufficient. (*Riser* v. *Walton,* 78 Cal. 490, 491 [21 P. 362]; *Bryant* v. *Broadwell,* 140 Cal. 490, 494 [74 P. 33]; *Gallagher* v. *California Pac. T. & T. Co.,* 13 Cal.App.2d 482, 486 [57 P.2d 195]; *Tucker* v. *Cooper,* 172 Cal. 663, 666 [158 P. 181].)

■ Whether plaintiff positively asserted to intervener that he had title or suppressed or concealed his lack of title, he was guilty of fraud. (Civ. Code, § 1572.) His statements were not matters of opinion but were statements of fact on which intervener relied and had a right to rely. Intervener had no knowledge when he entered into the contract to purchase the property that plaintiff did not possess the title. The evidence is undisputed that plaintiff not only did not inform intervener that he did not own the property but in order to keep the latter in ignorance of the facts he instructed his agent not to tell intervener that he did not have title. When plaintiff at a later date informed intervener that he did not own the property he gave positive assurance that he would receive title and would convey the property to intervener. He asked the latter ''to just be patient, and not go on through with any other plans but to wait because he would deliver title to Mr. Zierold [intervener].''

The latter did not waive or lose any of his rights under the contract or his right to recover damages by his actions after having been told that plaintiff did not have title. He relied on the assurance of plaintiff that the contract would be fulfilled and did not know until, in the trial of the instant action as between plaintiff and defendant, the court adjudged that the former would not receive a conveyance from the latter. ■ He had a right to rely on plaintiff's express statement of an existing fact since the truth of such fact was not within his knowledge but was known to plaintiff, and he was

under no obligation to make an investigation concerning the truth of such statement. (*Spreckels* v. *Gorrill*, 152 Cal. 383, 395 [92 P. 1011]; *Macdonald* v. *de Fremery*, 168 Cal. 189, 203 [142 P. 73].)

██ It was not necessary that plaintiff should have owned the property when he made the agreement to convey it to intervener but he must have been prepared at all times within the period fixed by the contract to convey a good title. On failure to convey as agreed he was liable in damages. (*Ellwood* v. *Niedermeyer*, 12 Cal.App.2d 699, 704, 707 [56 P.2d 279].)

██ 2. *The measure of damages.* Plaintiff contends that section 3306 of the Civil Code fixes the amount of damages that may be recovered by intervener and that the court erred in rendering judgment for the amount stated. The judgment is for the correct amount. Section 3343 of the Civil Code rather than section 3306 determines the measure of damages to be applied. Section 3343 provides that one defrauded in the purchase of property is entitled to recover the difference between the actual value of that with which he parted and the actual value of that which he received "together with any additional damage arising from the particular transaction." Under that section a defrauded party is enabled to recover losses that are not provided for in section 3306. Section 3343 permits the recovery not only of damages suffered by the loss of the bargain but of any other loss arising from the transaction. (*Rothstein* v. *Janss Inv. Corp.*, 45 Cal.App. 2d 64, 73 [113 P.2d 465]; *Jacobs* v. *Levin*, 58 Cal.App.2d Supp. 913, 917 [137 P.2d 500].) Intervener is entitled to recover not only the deposit made on the purchase price but all damages suffered by him by reason of plaintiff's inability to convey, including the amount which he was required to pay as rent for property on which to conduct his business.

██ 3. *Interest is recoverable.* Since (1) the amount which intervener is entitled to recover is certain and his right to recoup became vested on a particular day, to wit, the date on which each separate amount was expended (Civ. Code, § 3287), and (2) his right to recover is based on the fraudulent representations of plaintiff (3288), he is entitled to interest as decreed by the court on the several amounts which he paid out by reason of his reliance upon plaintiff's misrepresentations. (*McCowen* v. *Pew*, 18 Cal.App. 482 [123 P.

354]; *Taylor* v. *Wright,* 69 Cal.App.2d 371, 386 [159 P.2d 980].)

Judgment affirmed. The appeal from the order denying a new trial is dismissed.

Moore, P. J., and McComb, J., concurred.