[Civ. No. 16770.   Second Dist., Div. Three.   July 15, 1949.]

MARIA OLIVER, Appellant v. BERNEICE M. BENTON et al., Respondents.

McBain & Morgan and L. W. Pitman for Appellant.

Marvin A. Freeman and Robert E. Benton for Respondents.

VALLÉE, J.—Appeal by plaintiff from a judgment for defendants in an action for damages for fraud in the sale of real property.

The facts as found by the trial court are these. On August 26, 1946, defendants Benton and Marlow, with intent to deceive plaintiff and to induce her to purchase the real property which was improved, falsely represented to her that one of the dwelling units on the property was leased for a period of one year at a rental of $125 a month furnished, and that the rent was being paid. The actual rent provided by the lease was $77.50 a month, which was known by said defendants. Defendant Benton had granted the lessee an option to renew the lease for an additional period of six months. Plaintiff relied upon the representations and was induced thereby to purchase the property. Plaintiff was not damaged. The "actual value of the purchase price paid for the property did not exceed its actual value."

Appellant contends that the finding of the difference between the represented and the actual rental income established damage suffered by her as a direct result of the fraud; that this finding is irreconcilable with the finding that plaintiff suffered no damage and, therefore, the judgment is unsupported by the findings.

The measure of damages in an action based on fraud in the sale of real property is prescribed by Civil Code, section 3343 enacted in 1935. So far as pertinent it reads: ''One defrauded in the purchase, sale or exchange of property is entitled to recover the difference between the actual value of that with which the defrauded person parted and the actual value of that which he received, together with any additional damage arising from the particular transaction.'' This rule is known as the ''out-of-pocket'' loss rule, sometimes ''the tort'' rule. It was enacted to provide a uniform rule in all cases of fraud and it is the exclusive measure of damages. (*Bagdasarian* v. *Gragnon,* 31 Cal.2d 744 [192 P.2d 935].) The majority rule is the ''benefit-of-the-bargain'' rule which allows recovery of the difference between the actual value of what is received and the value it would have had if it had been as represented. It is generally referred to as the ''loss-of-the-bargain'' rule, sometimes as ''the warranty'' rule. (The Supreme Court of California refers to this rule as the ''benefit-of-the-bargain'' rule.) Prior to Civil Code, section 3343, some of the cases in this state applied the ''benefit-of-the-bargain'' rule; others the ''out-of-pocket'' rule.

Appellant argues that the clause ''together with any additional damage arising from a particular transaction'' compels a judgment under the findings of the difference in rental income. To do so would be but an invocation of the ''benefit-of-the-bargain'' rule.

The additional damages that may be recovered include such items as actual expenditures made by the plaintiff, damage to other property, and personal injuries, provided they are the proximate result of the misrepresentation. (*Bagdasarian* v. *Gragnon,* 31 Cal.2d 744, 762 [192 P.2d 935] ; *Jacobs* v. *Levin,* 58 Cal.App.2d Supp. 913, 917 [137 P.2d 500] ; Prosser on Torts, § 90, p. 774.) One of the misrepresentations inducing the purchase in *Feckenscher* v. *Gamble,* 12 Cal.2d 482 [85 P.2d 885], was that the net income from the property was $231 a month. In fact it was practically nil. The trial court applied the ''benefit-of-the-bargain'' rule. The Supreme Court

reduced the amount of the judgment to conform to the "out-of-pocket" rule and did not include in the award the rental differential. *Nelson* v. *Gjestrum,* 118 Minn. 284 [136 N.W. 858], is directly in point. Minnesota follows the "out-of-pocket" rule. In that case the representations were (136 N.W. 858), "that the defendant, with intent to deceive and defraud plaintiff, and inducing her to trade her farm, fraudulently represented that the defendant's house and lot were actually of the market value of $12,000, that it was rented for $83 per month to a bona fide tenant, that he had been offered $100 per month rent, and that he had been offered $7,500 in cash for the lot alone. It is further alleged that the lease was not bona fide, but that defendant had conspired with the tenant to deceive plaintiff into making the trade, and no rent whatever was to be paid; that the rental value was no more than $50, and the premises were of no greater value than $7,500." Recovery was limited to the difference between what the plaintiff parted with and what she received. No recovery was allowed for difference in rent.

Anticipated revenue from the property is not "additional damage" within the meaning of section 3343. The differential in rent is inherent in the nature of the transaction itself. It is an element to be considered in determining the actual value of the property, as the trial judge considered it in this case. It is not an "out-of-pocket" loss for no loss is suffered where a person gets the worth of his money although not all he was promised. The fact that he may anticipate more and be falsely led to expect it, or that he would have made a profit if the representation had been true, does not entitle him to recover for his disappointment in not receiving that which he was led to expect. (*Sigafus* v. *Porter,* 179 U. S. 116 [21 S.Ct. 34, 45 L.Ed. 113, 117]; *Pittsburgh L. & T. Co.* v. *Northern C. L. Ins. Co.,* 140 F. 888, 897, 898; Restatement, Torts, § 549, com. b, p. 110; McCormick on Damages, §§ 121, 122, pp. 449, 454, 459; 4 Sutherland on Damages (4th ed), §§ 1173, 1176, pp. 4412, 4426; Harper on Torts, § 226, p. 469.)

Cases cited by appellant do not support her contention. *Heller* v. *Melliday,* 60 Cal.App.2d 689 [141 P.2d 447], was not concerned with the measure of damages under section 3343. The additional damage awarded in *Williams* v. *Graham,* 83 Cal.App.2d 649 [189 P.2d 324], was rent the defrauded party was compelled to pay as a result of the fraud to carry on his business, an "out-of-pocket" loss.

We may also obsèrve that the finding as to the amount of rent received as represented and the actual amount received is not one that appellant was damaged in the amount of the difference. It is merely a finding of the facts constituting the fraud. The findings are neither inconsistent nor irreconcilable.

There is evidence that on the assumption that the rental income was $60 a month per unit, the actual value of the property was $19,500 (the purchase price) or $20,000 at the time of purchase. The finding that appellant was not damaged is supported by the evidence.

Judgment affirmed.

Shinn, P. J., and Wood, J., concurred.