[Civ. No. 40222. Second Dist., Div. Five. Mar. 28. 1973.]

ALLSTATE INSURANCE COMPANY, Plaintiff and Appellant, v. ROY LEE FISHER et al., Defendants and Respondents.

## Counsel

Stephen J. Grogan and Philip J. Donovan for Plaintiff and Appellant.

Everett E. Demler for Defendants and Respondents.

## OPINION

**ASHBY, J.**—Eddie Peyton was a used car dealer doing business as GMC Motors, Inc., and was insured by Allstate Insurance Co. (hereinafter Allstate). Roy Lee Fisher was employed by Peyton and while driving an automobile owned by Peyton was involved in an accident on October 23, 1969, with Ed and Dorothy Platt (hereinafter the Platts).

On November 17, 1969, the Platts filed a complaint in the Superior Court for the County of Los Angeles for damages for personal injuries and property damage incurred in the collision with Fisher. The complaint alleged that Fisher was operating Peyton's vehicle with his consent and that the accident was the result of Fisher's negligent driving while acting as the agent of Peyton in the course of his employment.

Allstate retained attorneys Grogan and Hogan to represent Peyton, and attorneys Parker, Stanbury, McGee and Roberts to represent defendant Fisher. Both defendants were served and filed answers. Peyton denied permissive use and agency.

On December 30, 1970, approximately one year after the filing of the Platts' complaint, Allstate filed its complaint for declaratory relief against the Platts and Roy Lee Fisher. The complaint alleged in substance the following: (1) That Allstate is a corporation licensed to engage in the business of writing casualty insurance in the State of California; (2) That Allstate issued a policy of automobile insurance to Eddie Peyton which was in force at the time of an alleged accident involving the Platts and Roy Lee Fisher; (3) That on the date of the accident Roy Lee Fisher was operating a vehicle allegedly owned by Eddie Peyton which operation resulted in a personal injury lawsuit filed by the Platts; (4) That the Platts are responsible for said accident; (5) That a dispute exists in that Allstate denies that Fisher had Peyton's consent or was his agent as was asserted by the Platts; (6) That the dispute should be resolved before the trial of the personal injury action brought by the Platts; (7) That Allstate does not have a speedy or adequate remedy at law.

The declaratory relief complaint served upon the Platts was turned over to State Farm Insurance Company, their carrier, which filed an answer on February 17, 1971, on behalf of the Platts. The answer admitted the existence of a controversy and all other allegations, but contended that Fisher had permission or that agency existed. On July 2, 1971, a substitution of attorneys was filed, substituting Everett E. Demler as attorney for the Platts in the place of Spray, Gould & Bowers who were appointed by State Farm Insurance Company.

Roy Lee Fisher, a codefendant in the declaratory relief action, was served with a copy of the complaint for declaratory relief in the office of Everett E. Demler, counsel for the Platts, at a deposition taken for the Platts' personal injury cause of action, in Long Beach, on March 9, 1971. Fisher was represented at the deposition by Parker, Stanbury, McGee & Roberts who were retained by Allstate. However, that firm did not undertake to represent Fisher in the declaratory relief action. Subsequently, Fisher's default was requested by Allstate and was entered on August 2, 1971.

On August 12, 1971, the Platts filed their motion for judgment on the pleadings and motion to dismiss, and on August 20, 1971, they filed a motion to set aside the default of Roy Lee Fisher, an amended motion for judgment on the pleadings, and a motion to dismiss as to all defendants. On August 31, 1971, the court denied the Platts' motion to set aside the default of Fisher, and, on its own motion, vacated and set aside Fisher's default. On October 13, 1971, the court denied the Platts' motion for judgment on the pleadings, granted their motion to dismiss and, on its own motion, granted a dismissal in favor of Fisher.

█ The basic question presented by this appeal is whether the issue of Fisher's alleged permissive use of Peyton's vehicle may be settled in an action for declaratory relief or whether it should be settled in the pending personal injury action filed by the Platts.

Allstate contends that under Code of Civil Procedure section 1060 declaratory relief is the appropriate remedy to determine the controversy that exists between the Platts, Peyton, Fisher and Allstate. We have concluded that the issues of permissive use and agency must be determined in the pending tort action filed by the Platts. *General of America Ins. Co.* v. *Lilly,* 258 Cal.App.2d 465 [65 Cal.Rptr. 750], under facts legally indistinguishable from the case at bench, held that an action in declaratory relief will not lie where the issue to be determined is the same as that in a pending action at law between the same parties, and where insured's and carrier's interests are aligned. The rationale for this rule was well stated in *General, supra* at pages 470-471: "The declaratory relief statute should not be used for the purpose of anticipating and determining an issue which can be determined in the main action. The object of the statute is to afford a new form of relief where needed and not to furnish a litigant with a second cause of action for the determination of identical issues. Where circumstances are such that a finding in the main personal injury action that the operator of the vehicle was driving it with the permission of the owner, and the broad terms of the insurance policy covering the

owner's liability and defining 'insured' would cover such operator, then the issue of driving with permission in the declaratory relief action becomes the same issue as in the main action and can be decided for all purposes in the main action. [Citations.] . . . Under section 1061 of the Code of Civil Procedure the court may refuse to exercise the power to grant declaratory relief where such relief is not necessary or proper at the time under all of the circumstances. The availability of another form of relief that is adequate will usually justify refusal to grant declaratory relief. The refusal to exercise the power is within the court's legal discretion and will not be disturbed on appeal except for abuse of discretion. (*Girard* v. *Miller,* 214 Cal.App.2d 266, 277 [29 Cal.Rptr. 359].)"

Allstate argues that the issues in the two actions are not the same because the question of permission and consent as raised in the tort action is not the same as the question of permission and consent in the declaratory relief action. *Norris* v. *Pacific Indemnity Co.,* 39 Cal.2d 420 [247 P.2d 1], cited by Allstate would seem to support this contention. However, *Wildman* v. *Government Employees' Ins. Co.,* 48 Cal.2d 31, 38 [307 P.2d 359], clearly distinguished *Norris,* and concluded that the issue of the insured's liability for permissive use or an agent's use of·the insured vehicle was the same as the issue of policy coverage for permissive use or an agent's use of the insured vehicle.

In *State Farm etc. Ins. Co.* v. *Superior Court,* 47 Cal.2d 428 [304 P.2d 13]; *Fireman's Fund Ins. Co.* v. *Chasson,* 207 Cal.App.2d 801 [24 Cal.Rptr. 726]; and *General Ins. Co. of America* v. *Whitmore,* 235 Cal. App.2d 670 [45 Cal.Rptr. 556], none of which were cited by Allstate, the carrier was allowed to maintain an action for declaratory relief when a tort action against the insured was pending which would dispose of the same issue as was present in the equity action. However, the factor which distinguishes those cases from the case at bench is that a decision for noncoverage in those cases would have been adverse to the insured's interests in the tort action, whereas here, the insured (Peyton) would benefit from such a decision.

In *State Farm etc. Ins. Co., supra,* and *Fireman's Fund Ins. Co., supra,* the carrier contended that the insured's vehicle was being used as a public conveyance at the time of the accident. Although such a finding would benefit the carrier in that there would be no coverage due to a specific exclusionary provision contained in the personal automobile liability policy, such a finding would be detrimental to the insured because the degree of care that he would owe to a plaintiff passenger in the tort action would be increased from the minimum duty owed in an ordinary negli-

gence situation. In *General Ins. Co. of America, supra,* the carrier contended that there was no coverage under a liability policy because the insured intentionally caused the injuries sued upon in the tort action. Although such a finding of intentionally inflicted harm would relieve the carrier of the duty to indemnify by operation of a specific exclusionary provision of the policy, such a finding would establish the liability of the insured in the tort action.

Since the carrier provides representation to its insured in the tort action, the only way to avoid a conflict of interest between the two is to allow separate actions. (See Note (1969) 21 Hastings L. J. 191, 202-224.) Thus, in *State Farm etc. Ins. Co., supra, Fireman's Fund Ins. Co., supra,* and *General Ins. Co. of America, supra,* the carrier could take a position adverse to its insured in the declaratory relief action on the issue of coverage, and, if coverage were found, then the carrier could take a conflicting position in defending its insured in the tort action. However, in the case at bench the insured and the carrier have taken the same position on an issue determinative of coverage and liability. If Fisher was operating Peyton's automobile without permission or agency, then there is no coverage and no liability on the part of Peyton. In addition, Fisher's liability will not be changed by a finding either way on permission or agency.

Allstate next argues that the Platts should be estopped from seeking dismissal of the declaratory relief action because of alleged prejudice caused by the delay in moving to dismiss Allstate's declaratory action. This contention is without merit. There has been no showing of prejudice nor does the record indicate that any such showing could be made.

■ Appellant's final contention involves the setting aside of Fisher's default by the court on its own motion. Appellant contends that the court exceeded its power in setting aside the default. Appellant argues that neither Fisher nor the Platts made any attempt to comply with Code of Civil Procedure sections 473 and 473.5.[1]

Respondents argue that the court did have the authority, if not the duty, to set aside Fisher's default. Respondents' theory is that had the court not done so, then appellant would have done indirectly what it could not

---

[1]Appellant stated no authority for this point other than those Code of Civil Procedure sections. In its brief, appellant made the following argument:

"Further the Court did not have authority to set aside Fisher's default on its own motion. During the hearing of Demler's motions the Court stated that it did not know how or upon what authority, it could set aside Fisher's default. . . .

"Therefore, it is submitted that the Court erred in setting aside Fisher's default in this declaratory relief action."

have done directly. We agree. Allstate has an obligation to provide Fisher with a defense in the action brought against him and Peyton by the Platts. (*Gray* v. *Zurich Insurance Co.,* 65 Cal.2d 263 [54 Cal.Rptr. 104, 419 P.2d 168]; *Arenson* v. *Nat. Automobile & Cas. Ins. Co.,* 45 Cal.2d 81, 84 [286 P.2d 816]; *Comunale* v. *Traders & General Ins. Co.,* 50 Cal.2d 654 [328 P.2d 198].)

The reason Allstate must provide separate counsel for Fisher in the Platt suit is that it would be contrary to Fisher's interests to have a finding made that Fisher was not the agent of Peyton or that he was not driving Peyton's vehicle with permission. Because of the conflicting interests of Fisher and Peyton, Allstate is required as set forth above to provide Fisher with separate counsel.

Further, as we stated above, no action in declaratory relief will lie where the issue to be determined is the same as in the pending lawsuit. (*General of America Ins. Co.* v. *Lilly, supra,* 258 Cal.App.2d 465.) Therefore, even though there is no cause of action which can be brought by Allstate against either Fisher or against the Platts on the permissive use or agency issue, Allstate seeks to use Fisher's failure to file an answer in the declaratory relief action to accomplish what it otherwise is forbidden to do, by taking his default. The unfairness of this situation is compounded by the fact that the default was made possible by Allstate's refusal to provide representation to Fisher in the declaratory relief action.

The effect of permitting Fisher's default to stand would be this: First, Allstate would have effectively avoided providing counsel for Fisher as it is required to do; second, it would be litigating an issue which it is not permitted to litigate except in the main action which is pending between the Platts, Fisher and Peyton, thereby resolving the issues piecemeal which it cannot do, and accomplishing indirectly what it cannot do directly under the law.

We hold that the trial court did not err in vacating and setting aside the default of Fisher on its own motion. The court has the power to protect its jurisdiction and to effect its judgment. (Code Civ. Proc., § 187.[2]) The court had already ruled that the declaratory relief action would not lie and to permit a default to be taken in that situation would prevent the court from making a full disposition of the matter ruled upon.

---

[2]Code of Civil Procedure section 187 provides: "When jurisdiction is, by the constitution or this code, or by any other statute, conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code."

The relief granted by the court in setting aside Fisher's default "was absolutely essential to achieve an equitable and just result between" appellant, the Platts and Fisher in the action brought by the Platts. (*See Holibaugh* v. *Stokes,* 192 Cal.App.2d 564, 568 [13 Cal.Rptr. 528].)

For the reasons set forth above, the judgment is affirmed.

Stephens, Acting P. J., and Cole, J.,* concurred.

*Assigned by the Chairman of the Judicial Council.