**ALLSTATE INSURANCE COMPANY,**
an Illinois corporation, Plaintiff,

v.

**Sylvester L. CHANEY, Lillie M. Chaney,
and Karen Matson, Defendants.**

**No. C–91–3532 SBA (ENE).**

United States District Court,
N.D. California.

June 1, 1992.

Sonnenschein, Nath & Rosenthal, San Francisco, Cal., Paul E.B. Glad, Cynthia L. Mellema, for plaintiff.

Carroll, Burdick & McDonald, Walnut Creek, Cal., Wallace E. Smith, Virginia K. Eddington, for defendants.

### ORDER GRANTING ALLSTATE'S MOTION FOR SUMMARY JUDGMENT

ARMSTRONG, District Judge.

Plaintiff Allstate Insurance Company ("Allstate") filed the instant diversity jurisdiction action against defendants Sylvester L. Chaney, Lillie M. Chaney (collectively "the Chaneys"), and Karen Matson, seeking a declaration that it has no duty to defend or indemnify the Chaneys in an underlying state court action. The parties are now before the Court on plaintiff Allstate's motion for summary judgment or, in

the alternative, partial summary judgment. After having read the papers submitted and considered the arguments of the parties, and being fully informed, the Court finds that the motion should be granted.[1]

## I.

## BACKGROUND

The instant insurance coverage dispute arises from an underlying action entitled *Karen Matson v. Sylvester L. Chaney, et al.*, No. 680930–2 ("the Matson action") which is currently pending in California Superior Court, Alameda County. Matson alleges that on or about April 17, 1990, she and the Chaneys entered into a contract for the sale of the Chaneys' property located at 668 Longridge Road, Oakland, California ("the Longridge property").[2] Matson Complaint, ¶ 11, Glad Decl., Ex. "A." Matson claims that the Chaneys misrepresented certain facts to induce her to enter into a contract to purchase the Longridge property.[3] The Matson complaint alleges causes of action for intentional misrepresentation, concealment, negligent misrepresentation, negligence, breach of fiduciary duty, intentional infliction of emotional distress, negligent infliction of emotional distress, breach of contract, and constructive trust. *See* Matson Complaint, ¶¶ 13–55, Glad Decl., Ex. "A."

During the negotiation and sale of the Longridge property, Allstate insured the Chaneys under a homeowner's insurance policy (policy no. 034116447) covering the Longridge property. The effective policy period ran from October 10, 1986 to May 24, 1990. The Family Liability Protection portion of the policy states, in pertinent part:

> Allstate will pay for damages which an insured person becomes legally obligated to pay *because of bodily injury* or *property damage arising from an accident* covered by part of this policy.

Homeowner's Policy, Section II, at 23 (emphasis added), Burke Decl., Ex. "A." The policy defines "bodily injury" as "physical harm to the body, including sickness or disease, and resulting death, ..." *Id.* at 3. "Property damages" is defined as *"physical injury to* or destruction of *tangible property*, including loss of use resulting from such physical injury or destruction." *Id.* at 4 (emphasis added).

The Chaneys subsequently tendered the defense of the Matson action to Allstate and requested that Allstate defend and indemnify them for any damages recovered in that litigation. Allstate accepted the Chaneys' tender of defense under a reservation of rights. Allstate subsequently filed the instant declaratory relief action based on diversity jurisdiction in this Court on October 8, 1991, seeking a declaration of its rights and liabilities under the subject policy. On March 9, 1992, this Court approved a stipulated judgment between Allstate and the Chaneys in which the Chaneys agreed that the subject policy provides no coverage for the damages sought in the Matson action. *See* Stipulated Judgment (filed March 9, 1992), Glad Decl., Ex. "D." Thus, the instant litigation is proceeding only between Allstate and Matson.

## II.

## DISCUSSION

### A. *Legal Standard For Summary Judgment*

Allstate moves for summary judgment on the ground that the Chaneys' homeowner's insurance policy does not provide coverage for damages sought in the under-

---

1. The Court considers adjudication of the instant motion suitable without oral argument. *See* N.Dist. Local Rule 220–1.

2. Escrow closed on the Chaney property on or about May 21, 1990. The Chaneys remained on the premises until May 24, 1990; Matson moved in on or about the following day.

3. The defects which the Chaneys allegedly failed to disclose included: (1) a structurally unsound garage; (2) a lack of hot water and internal plumbing defects; (3) water and sludge backup caused by defective sewer lines and lines that were not connected to the municipal sewer lines; (4) roof leaks; (5) drainage and electrical wiring problems; (6) a special assessment imposed by the City of Oakland for certain construction costs.

lying action. Summary judgment is proper where it is established that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Summary judgment is warranted against a party which "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.*

■ The interpretation of an insurance policy is generally a question of law for the Court. *See Allstate Ins. Co. v. Miller*, 743 F.Supp. 723, 724 (N.D.Cal.1990). The insured, not the insurer, has the burden of establishing that a loss comes within the basic scope of coverage. *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1364 (9th Cir.1991). Accordingly, if the Court finds that the policy provides no coverage for the damages sought against the insured, the insurer need not provide the insured with a defense, *id.*, and summary judgment in the insurer's favor is proper, *Allstate Ins. Co. v. Hansten*, 765 F.Supp. 614, 617 (N.D.Cal. 1991).

### B. *Coverage Under the Allstate Policy*

It is a well settled rule of insurance law that an insurer has a duty to defend its insured against legal claims for which the insured may be potentially liable. *Gray v. Zurich Insurance Co.*, 65 Cal.2d 263, 266–267, 54 Cal.Rptr. 104, 419 P.2d 168 (1966). The insured's "potential" liability "must be analyzed and determined ... from facts available to the insurer from the complaint or other sources available to it at the time of the tender of defense." *CNA Cas. of Cal. v. Seaboard Sur. Co.*, 176 Cal.App.3d 598, 605, 222 Cal.Rptr. 276 (1986). The insurer's obligation, however, is not unlimited; the duty to defend must be measured by the nature and kind of risks covered by the policy. *Gray*, 65 Cal.2d at 275, 54 Cal.Rptr. 104, 419 P.2d 168. Where there is no potential liability under a policy, the

insurer has no duty to defend its insured. *Hansten*, 765 F.Supp. at 617.

In the present action, Matson concedes that Allstate's policy does not cover the causes of action for intentional misrepresentation, concealment, intentional infliction of emotional distress, negligent infliction of emotional distress, breach of contract or punitive damages. She contends, however, that the Court should deny Allstate's summary judgment motion because triable issues of fact exist as to whether there is coverage under the policy for the negligent misrepresentation and negligence[4] causes of action. Matson further argues that both of these causes of action "resulted in property damage other than economic loss," and that "an ambiguity exists as to the application of the 'owned property' exclusion and triable issues of fact exist as to its application." Def.'s Opp'n at 3. These arguments are without merit.

### 1. There Is No "Occurrence" Within the Meaning of the Policy

■ In order for coverage to exist under a given insurance policy, there must be an "occurrence" under the policy. Here, the damages sought against the insured must necessarily arise from an "accident." *See* Homeowner's Policy, Section II at 23, Burke Decl., Ex. "A." Matson contends that the damages resulting from the alleged misrepresentations were unintended, and therefore, constitutes an "accident" within the meaning of the policy. Def.'s Opp'n at 11. In advancing this argument, however, Matson ignores the clear weight of authority reaching the opposite conclusion.

In *American States Ins. Co. v. Canyon Creek*, 786 F.Supp. 821 (N.D.Cal.1991), Judge Orrick of this Court, relying on the Ninth Circuit's decision in *Safeco Ins. Co. of Am. v. Andrews*, 915 F.2d 500 (9th Cir. 1990), found that negligent misrepresentations made in conjunction with the sale of property did not qualify as an "accident" for insurance coverage purposes. *American States*, 786 F.Supp. at 825. The court

---

4. With respect to the negligence cause of action, Matson alleges negligence in connection with

the maintenance, repair, inspection and sale of the Chaney residence. Complaint, ¶ 32.

noted that *Safeco* was consistent with California appellate authority which has held that negligent misrepresentation "falls within the rubric of fraud and not ordinary negligence." *Id.* The court further noted that this finding was supported by the California Civil Code which defines "fraud" to include negligent misrepresentation. *Id.* Accordingly, the court concluded that there was no "occurrence" as defined under the policy, and that the insurer had no duty to defend or indemnify the insured. *Id.*

Both *American States* and *Safeco* firmly establish that Allstate's policy does not cover the cause of action for negligent misrepresentation alleged in the underlying action. Similarly, the cause of action for negligence is not covered under the policy, as it is inextricably tied to the misrepresentations made in connection in the sale of the Longridge property. Paragraph 33 of the Matson complaint alleges that the Chaneys' were negligent in that they:

a. Failed to properly repair or maintain the subject property;

b. Failed to fully inform plaintiff of the PROPERTY CONDITIONS;

c. Failed to conduct a reasonably diligent investigation of the SUBJECT PROPERTY; and

d. Failed to complete all the work required under the contract.

*See* Matson Complaint, ¶ 33(a)–(d), Glad Decl., Ex. "A." These allegations by themselves, however, do not form the basis for Matson's negligence cause of action.

The Matson complaint specifically alleges that above-referenced negligent acts arose "[d]uring the course of selling the subject property" and that "[t]he *failure to disclose these facts* concerning the property was likely to *mislead* and in fact misled Plaintiff in light of the representations made during negotiations...." *See* Matson Complaint, ¶¶ 33–34 (emphasis added),

Glad Decl., Ex. "A." The negligence lies not in the commission of the acts by themselves, but rather, in the failure to convey them to Matson. Thus, Matson's negligence cause of action is, in essence, a claim for negligent misrepresentation.[5]

2. The Policy Does Not Provide Coverage For the Type of Damages Sought By Matson In The Underlying Action

■ Even if there was an occurrence under the policy—which there clearly was not—the type of damages available for negligent misrepresentation and negligence are not covered under the policy. Allstate correctly points out that the policy at issue provides coverage only for bodily injury or property damages; however, Matson's recovery under her negligent misrepresentation and negligent construction, maintenance and repair causes of action is limited solely to *economic* damages, i.e., "benefit of the bargain" damages. This issue was thoroughly analyzed in this Court's opinion in *Allstate Ins. Co. v. Miller*, 743 F.Supp. 723 (N.D.Cal.1990).

In *Miller*, plaintiff had purchased from the defendant-insureds a home which contained numerous defects. The plaintiff filed a lawsuit against the insureds alleging *inter alia* that they had negligently misrepresented and failed to disclose the home's defects. The district court granted the insurer's motion for summary judgment and ruled that the insureds' homeowners policy did not cover the insured against claims of negligent misrepresentation or negligent infliction of emotional distress. *Id.* at 727.

In reaching its decision, the court noted that California Civil Code section 3433 limits the recovery in real estate fraud actions to purely economic or "benefit of the bargain" damages. *Id.* at 726. The court also noted that under California law, "fraud" includes *both* intentional and negligent mis-

---

**5.** Moreover, there are no *factual* allegations in the Matson complaint or in the declarations filed in opposition to Allstate's summary judgment motion which would possibly support an independent cause of action for negligent construction, maintenance, or repair or negligent failure to perform work required under the contract. Because an insurer's duty to defend

arises when the facts plead or otherwise brought to the attention of the insurer creates a potential for liability, *Gray*, 65 Cal.2d at 276–77, 54 Cal.Rptr. 104, 419 P.2d 168, the absence of these allegations negates any duty to defend or indemnify the Chaneys against the "negligence" cause of action.

representation. *Id.* Thus, the court concluded that "[t]he *only* damages recoverable for negligent misrepresentation are economic or contractual losses outside the meaning of 'property damages' under the policy." *Id.* (emphasis added).[6]

The decision and analysis set forth in *Miller* has since been confirmed by several subsequent federal and California state court decisions. *See, e.g., Safeco,* 915 F.2d at 502 (citing *Miller* and holding that homeowner's policy did not obligate insurer to defend insured against allegations that he negligently failed to inspect the property and inform the buyer of defects in the property); *American States,* 786 F.Supp. at 826 ("[T]he underlying complaints for intentional and negligent misrepresentation do not constitute property damage as defined in the policies and do not give rise to the potentiality of coverage."); *Warner v. Fire Ins. Exch.,* 230 Cal.App.3d 1029, 1034–35, 281 Cal.Rptr. 635 (1991) (holding that underlying lawsuit which contained causes of action for fraud and negligent misrepresentation did not constitute "bodily injury" or "property damage").

Matson's primary argument in light of the clear weight of authority against her is that the Chaneys' alleged negligence and negligent misrepresentations resulted in "property damage *other* than economic loss," *see* Def.'s Opp'n at 3, and that economic loss comprises only "one element of Matson's entire claim for property damage," *id.* at 16–17. The Ninth Circuit, however, rejected this same argument in *Safeco.* There, the plaintiff in the underlying action sought damages from the insured based on the insured's failure to inspect and inform the buyer of defects in the property sold. The Court explained that the damages flowing from this conduct inured *not* to the physical condition of the property, but rather, to the property's value and desirability. "Although the defec-

tive condition of the property is an element of [the buyer's] claims, the defects cannot, even when interpreting the policy broadly, be considered the *cause* of [the buyer's] damages." *Safeco,* 915 F.2d at 502. Accordingly, the court concluded that the misrepresentations were not an occurrence within the meaning of the policy.

Nonetheless, even if the damages sought by Matson amount to "property damage" as opposed to "economic loss," such damages are specifically excluded under the policy. The pertinent provisions of the policy state that liability coverage does not apply to "property damage to property owned by an insured" or "property damage to property rented to, occupied by or in the care of an insured...." *See* Homeowner's Policy, Section II at 24–25 (emphasis added), Burke Decl., Ex. "A." Courts have construed this "owned property" exclusion to exclude from coverage any damages sustained outside the relevant policy period. *E.g. State Farm Fire and Casualty Co. v. Neumann,* 698 F.Supp. 195, 196 (N.D.Cal. 1988) (ruling in a real estate misrepresentation case that the "owned property" exclusion excluded from coverage any damage to property while owned by the insured).[7]

Here, it is undisputed that the Chaneys owned the property until the close of escrow on May 21, 1991. The property was "occupied, used by or in the care of" the Chaneys until they vacated the property on May 24, 1990—the day before Matson took possession. *See* Matson Decl., ¶ 4. Since any of the "property damage" alleged by Matson necessarily had to have occurred prior to the date Matson came into possession of the premises, the Court finds that the policy excludes coverage for such damage.

Matson maintains that the "owned property" exclusion contained in the policy is

---

6. Based on this same analysis, the court also found that the negligent infliction of emotional distress claim was not covered. The court explained that plaintiff's alleged emotional distress derived from the fraudulent acts. Thus, Civil Code section 3433, which governs misrepresentations in the sale of property, precludes any damages for emotional distress. *Id.*

7. The underlying state court complaint in *Neumann* included allegations that the insureds intentionally and negligently misrepresented the condition of the property, and negligently constructed and maintained the home.

ambiguous, and therefore, inapplicable to the instant case. Citing *Fireman's Fund Ins. Co. v. Ex–Cell–O Corp.*, 685 F.Supp. 621, 625 (E.D.Mich.1987), Matson insists that the "owned property" exclusion does not apply to the environmental claim alleged in the underlying action.[8] The district court in *Fireman's Fund* ruled, in the context of a large environmental clean-up action, that the owned property exclusion does not apply where adjoining property damage was incurred. *Id.* at 625. In the present action, there is no indication that Matson or any other party is seeking recovery from the Chaneys for groundwater contamination. Accordingly, Matson's argument is without merit. *See Western World Ins. Co. v. Dana*, 765 F.Supp. 1011, 1014 (E.D.Cal.1991) ("[I]nsurance is not available until property damage has occurred which is covered by the policy.").

### C. *Defendant Matson's Request For Stay*

 Matson argues that summary judgment at this juncture is premature given that the underlying action is currently pending. This Court in *Canyon Creek*, however, recently rejected an identical argument:

> [D]efendants argue that to decide the pending summary judgment motions, it will be necessary to finally adjudicate the existence of liability on the part of the insured. This ·is simply not true. *To decide whether coverage exists under the applicable policies, the Court merely must determine whether the allegations* in the complaints in the state court actions, even if accepted as true, *give rise to coverage* under the policies at issue. In ruling one way or another on the issue, the Court is in no way reaching the merits of the underlying complaints.

For this reason, the Court sees no compelling argument why it should dismiss or stay the action.

*Id.* at 824–25 (emphasis added). Other recent decisions by this Court have reached this same conclusion. *E.g., State Farm Fire & Cas. Co. v. Thomas*, 756 F.Supp. 440, 442 (N.D.Cal.1991) ("[U]nder California law, insurance companies have the right to determine their obligations to their insured prior to a judgment against the insureds."); *Miller*, 743 F.Supp. at 725 (rejecting the argument "that an insurer cannot obtain declaratory relief before the underlying action comes to a final adjudication.").[9] Accordingly, there is no reason to delay a determination of the coverage in the present case.

### III.·

### CONCLUSION

Controlling case authorities clearly indicate that none of the claims asserted against the Chaneys in the underlying Matson action are covered by Allstate insurance policy no. 034116447. Thus, as a matter of law, the Court finds that Allstate has no duty to defend or indemnify the Chaneys in that action. Accordingly,

IT IS HEREBY ORDERED that Allstate's motion for summary judgment is GRANTED and that judgment be entered in favor of Allstate.

IT IS SO ORDERED.

---

**8.** In paragraph 14(c) of the underlying complaint, Matson alleges that the property's sewer lines were not connected to the City sewer lines, thereby resulting in a significant backup of water, seepage and sludge. Matson argues in her opposition that the possibility that the sewer backup may have impacted the groundwater warrants coverage under the policy notwithstanding the owned property exclusion. Def.'s Opp'n at 18–19.

**9.** The primary case relied on by Matson, *Allstate Ins. Co. v. Fisher*, 31 Cal.App.3d 391, 107 Cal. Rptr. 251 (1973), was explicitly rejected in *Miller*. *Miller*, 743 F.Supp. at 726 n. 5. In *Miller*, ·Judge Conti noted that in *Fisher*, the issue of coverage depended on the resolution of factual issues in the underlying action. *Id.* Here, a final determination in the Matson action is not necessary for this ·Court to adjudicate the issue of coverage under the Allstate policy.