**ALLSTATE INSURANCE COMPANY, an Illinois Corporation, Plaintiff,**

**v.**

**Robert E. HANSTEN, Dorothy G. Hansten, Cristian Wedekind, Margarita Wedekind, Albert J. Burgess, Defendants.**

No. C–90–3027–JPV.

United States District Court, N.D. California, San Francisco Division.

April 30, 1991.

Paul E.B. Glad, Cynthia L. Mellema, Sonnenschein, Nath & Rosenthal, San Francisco, Cal., for plaintiff.

Charles J. Katz, San Mateo, Joseph M. Loomis, San Mateo, Gordon M. Hanson, Bouchier & Alexander, Palo Alto, for defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

VUKASIN, District Judge.

Plaintiff Allstate Insurance Company's Motion for Summary Judgment was scheduled to be heard on April 25, 1991. After a review of the briefs, this court considered it appropriate to submit the motion on the pleadings pursuant to Local Rule 220–1, and now GRANTS the motion.

### INTRODUCTION

Allstate Insurance Company ("Allstate") moves for summary judgment that it has no duty to defend or to indemnify its insured, Mr. and Mrs. Hansten (the "Hanstens") against a suit filed by Mr. and Mrs. Wedekind (the "Wedekinds") in the Superior Court of the State of California (the "state court action"). The complaint in the state court action (the "Wedekind Complaint") alleges that the Hanstens committed a series of violations in connection with the sale of a home to the Wedekinds.

The Hanstens tendered the defense of the state court action to Allstate and demanded that Allstate indemnify them for any liability resulting therefrom. Allstate accepted the defense temporarily and reserved the right to contest its obligation to defend or indemnify the Hanstens at a later date.

### FACTS

The Hanstens built a house with Albert Burgess, a contractor, and obtained a

homeowner's policy with Allstate. They sold the house to the Wedekinds. The Wedekinds later sued the Hanstens and Burgess in the state court action. The Wedekind Complaint asserts ten causes of action: (1) breach of contract, (2) breach of express warranty, (3) breach of implied warranty, (4) strict liability, (5) negligence, (6) intentional misrepresentation, (7) negligent misrepresentation, (8) fraud and failure to disclose, (9) intentional infliction of emotional distress, and (10) negligent infliction of emotional distress.

## DISCUSSION

### 1. Standard for Summary Judgment.

■ Summary judgment should be granted where it is shown that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment, when appropriate, is a favored method of resolution. *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. When a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511.

### 2. Policy Coverage for Accidents Only.

■ The Hanstens' homeowner's policy with Allstate only covers damages that arise as a result of accidents. The first, second, third, fourth, sixth, eighth, and ninth causes of action in the Wedekind Complaint allege that the Hanstens committed intentional violations of their legal obligations. Since these causes of action can not create liability that would result from an accidental loss, there is no coverage as to these claims as a matter of law.

### 3. California Law Prohibits Coverage for Fraud.

■ Under California law, no contractual agreement may indemnify anyone from his own fraud. Cal.Civ.Code § 1668 (West 1991). The seventh cause of action in the Wedekind Complaint alleges negligent misrepresentation. Negligent misrepresentation is included within the definition of fraud. *Blankenheim v. E.F. Hutton*, 217 Cal.App.3d 1463, 1472–73, 266 Cal.Rptr. 593, 599 (1990). Therefore, there can be no insurance coverage for the seventh cause of action in the Wedekind Complaint as a matter of law.

### 4. Insurance Coverage for Contract Liability.

■ It is axiomatic under California law that insurance policies such as the one between Allstate and the Hanstens only cover tort liability, not contract liability. *Ins. Co. of the West v. Haralambos Bev.*, 195 Cal. App.3d 1308, 1317, 241 Cal.Rptr. 427, 430 (1987); *Home Indem. Co. v. Avol*, 706 F.Supp. 728, 729–30 (C.D.Cal.1989). Contract liability for insurance coverage purposes includes claims that sound in tort, but are predicated on the breach of a contractual duty. *Avol*, 706 F.Supp. at 731.

Here, the two remaining causes of action in the Wedekind Complaint, the fifth and the tenth, sound in tort (negligence and negligent infliction of emotional distress). Yet, the factual predicate of both of these causes of action is the contract between the Hanstens and the Wedekinds.

The fifth cause of action (negligence) alleges that the Hanstens failed to exercise ordinary care as a builder. Although this claim does not refer to the Hanstens' contractual duties, the alleged harm could not have been realized without the contract to sell the house. Without the contract, the Hanstens would have had no duty of care towards the Wedekinds. Therefore, the duty alleged to have been breached was a contractual duty, and the policy does not cover such losses.

Similarly, the tenth cause of action (negligent infliction of emotional distress) relies on a duty created by the contract. The Wedekind Complaint alleges that the Hanstens should have known that their misrepresentations and their failure to exercise due care in the construction would have

caused the Wedekinds to suffer severe emotional distress. Again, the Hanstens had that duty as a result of the contract to sell to the Wedekinds. Without the contract, the Hanstens could not have inflicted emotional distress on the Wedekinds through misrepresentation or negligent construction.

In general, the claims alleged in the Wedekind Complaint are simply not the type of claims that a homeowner's policy was designed to cover. These allegations result from largely intentional conduct, and they stem from a residential sales contract. Even the claims that sound in tort, like the fifth and the tenth causes of action, arise directly from the contractual relationship between the Hanstens and the Wedekinds.

### 4. Duty to Defend.

■ The duty to defend is broader than the duty to indemnify. *Gray v. Zurich Ins. Co.*, 65 Cal.2d 263, 276–77, 54 Cal.Rptr. 104, 419 P.2d 168 (1966). The insurer has a duty to defend whenever there is the potential of liability under the policy. *Id.*

Since none of the ten causes of action in the Wedekind Complaint can create liability under the homeowner's policy as a matter of law, there is no potential for liability here. Therefore, Allstate is under no duty to defend the Hanstens in the state court action.

### ORDER

In light of the foregoing discussion, Allstate is not under a duty either to indemnify or to defend the Hanstens in the atate court action. Therefore, plaintiff Allstate's Motion for Summary Judgment is HEREBY GRANTED.

IT IS SO ORDERED.