**ALLSTATE INSURANCE COMPANY, an Illinois corporation, Plaintiff,**

v.

**David J. MORGAN, et al., Defendants.**

**No. C–92–1328–SBA ENE.**

United States District Court, N.D. California.

Sept. 25, 1992.

---

Sonnenschein, Nath & Rosenthal, Paul E.B. Glad, Cynthia L. Mellema, San Francisco, Cal., for plaintiff.

C. Martin Gibson, Gibson & Thomas, Novato, Cal., for defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

ARMSTRONG, District Judge.

### I

### INTRODUCTION

Plaintiff Allstate Insurance Company ("Allstate") filed this action against defendant David J. Morgan, and other defendants, seeking a declaration that it has no duty to defend or indemnify defendants in an underlying state court action. The parties are now before the Court on plaintiff Allstate's motion for summary judgment or, in the alternative, partial summary judgment. After having read the papers submitted and considered the arguments of the parties, and being fully informed, the Court finds that the motion should be granted.

### II

### BACKGROUND

The instant insurance coverage dispute arises from an underlying action entitled *Arnold R. Trombler and Lynn Trombler v. David J. Morgan, et al.*, No. 144375 ("the Trombler action") which is currently pending in California Superior Court, Marin County. The Tromblers allege that on or about January 6, 1989, they and the Morgans entered into a contract for the sale of the Morgan's property located at 2425 Topaz Drive in Novato, California ("the Topaz property").[1] Trombler Compl. ¶ 12, Livingston Decl. Ex. A. The Tromblers claim that the Morgans misrepresented and failed to disclose certain facts to induce

them to enter into a contract to purchase the Topaz property.[2] The Trombler complaint alleges causes of action for violation of California Civil Code section 1102 et seq., fraud, and negligent misrepresentation. *See* Trombler Compl. ¶¶ 6–13, Livingston Decl. Ex. A.

During the negotiation and sale of the Topaz property, Allstate insured the Morgans under a homeowner's insurance policy (policy no. 034088479) covering the Topaz property. The effective policy period ran from October 27, 1987 to June 27, 1989. The Family Liability and Guest Medical Protection portion of the policy states, in pertinent part:

Allstate will pay damages which an insured person becomes legally obligated to pay *because of bodily injury or property damage arising from an accident* and covered by this part of the policy.

Homeowner's Policy, Section II at 23 (emphasis added), Burke Decl. Ex. A. The policy defines "bodily injury" as "physical harm to the body, including sickness or disease, and resulting death, . . . ." *Id.* at 3. "Property damage" is defined as "physical injury to or destruction of tangible property, including loss of its use resulting from such physical injury or destruction." *Id.* at 4.

The Morgans tendered the defense of the *Trombler* action to Allstate and requested that Allstate defend and indemnify them for any damages recovered in that litigation. Allstate subsequently filed a declaratory relief action based on diversity jurisdiction in this Court on April 3, 1992, seeking a declaration of its rights and liabilities under the subject policy. On July 28, 1992,

---

1. Escrow closed on the Topaz property on or about February 17, 1989.

2. The facts which the Morgans allegedly failed to disclose included: (1) that dredging had not been performed under docks located on the Topaz property; (2) that the lagoon behind the premises was only navigable under high tide condition; (3) that additional increased dredging and/or erection of a lock to stop siltation would be required to maintain and preserve the water as navigable; (4) that no permit existed for the dredging; (5) that Bahia Homeowners' Association members generally had not ap-

proved increased maintenance and repair of the lagoon; (6) that the failure to dredge under and around the docks increased safety hazards and rendered the waterways unusable; (7) proposed extensive development of the surrounding area; (8) new construction and physical changes of property adjacent to the Topaz property; (9) water seepage under the garage door of the Topaz property; and (10) the existence of improvements on the Topaz property that the Tromblers believed were below minimum requirements of the building code and for which no permits were obtained.

Allstate filed the present motion for summary judgment or, in the alternative, partial summary judgment. Defendants oppose the summary judgment motion and they request, under Federal Rule of Civil Procedure 56(f), a continuance of the motion only if the court decides to grant the motion.

## III

## DISCUSSION

### A. *Legal Standard for Summary Judgment*

Allstate moves for summary judgment on the ground that the Morgans' homeowner's insurance policy does not provide coverage for damages sought in the underlying action. Summary judgment is proper where it is established that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Summary judgment is warranted against a party which "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.*

■■■ The interpretation of an insurance policy is generally a question of law for the Court. *See Allstate Ins. Co. v. Miller,* 743 F.Supp. 723, 724 (N.D.Cal.1990). The insured, not the insurer, has the burden of establishing that a loss comes within the basic scope of coverage. *Chamberlain v. Allstate Ins. Co.,* 931 F.2d 1361, 1364 (9th Cir.1991). Accordingly, if the Court finds that the policy provides no coverage for the damages sought against the insured, the insurer need not provide the insured with a defense, *id.,* and summary judgment in the insurer's favor is proper. *Allstate Ins. Co. v. Hansten,* 765 F.Supp. 614, 617 (N.D.Cal. 1991).

### B. *Coverage Under the Allstate Policy*

■■■ It is a well settled rule of insurance law that an insurer has a duty to defend its insured against legal claims for which the insured may be potentially liable. *Gray v. Zurich Ins. Co.,* 65 Cal.2d 263, 266–67, 54 Cal.Rptr. 104, 419 P.2d 168 (1966). The insured's "potential" liability "must be analyzed and determined … from facts available to the insurer from the complaint or other sources available to it at the time of the tender of defense." *CNA Cas. of Cal. v. Seaboard Sur. Co.,* 176 Cal.App.3d 598, 605, 222 Cal.Rptr. 276 (1986). The insurer's obligation, however, is not unlimited; the duty to defend must be measured by the nature and kind of risks covered by the policy. *Gray,* 65 Cal.2d at 275, 54 Cal. Rptr. 104, 419 P.2d 168. Where there is no potential liability under a policy, the insurer has no duty to defend its insured. *Hansten,* 765 F.Supp. at 617.

In the present action, defendants contend that the Tromblers' claim for damages falls within the property damage definition of the policy, that the Tromblers' claim for damages results from a covered "occurrence", that California Civil Code section 1668 does not bar the recovery of damages sought in the Trombler action, and that the "owned property exclusion" is not applicable here. These arguments are without merit.

1.  The Policy Does Not Provide Coverage For the Type of Damages Sought By Trombler in the Underlying Action

■■■ The type of damages available for misrepresentation, failure to disclose, and negligence are not covered under the policy because it provides coverage only for bodily injury or property damages. The damages alleged in the underlying action are for economic or contractual losses and do not fall within the definition of "property damage" under the policy.[3]

In a recent case, factually similar to the present one, this Court thoroughly discussed and analyzed this issue. *See Allstate Ins. Co. v. Chaney,* 804 F.Supp. 1219,

---

**3.** The alleged damages also do not constitute "bodily injury" as defined under the policy, and    defendants do not argue that they do.

1222–1223 (N.D.Cal.1992). Here, as in *Chaney,* the Tromblers' recovery under their negligent misrepresentation, failure to disclose, and negligence causes of action is limited solely to *economic* damages, i.e., "benefit of the bargain" damages. As such, those claims fail to seek damages for "property damage" as that term is defined in the Allstate homeowner policy.[4]

Defendants argue that the Tromblers seek more than economic damages in that the Tromblers have alleged negligence by virtue of the Morgans' failure to dredge underneath and around their dock prior to the sale of the Topaz property. Defendants contend that the damages flowing from the negligence, the loss of use and enjoyment of that property, constitute "property damage" encompassed within the meaning of the policy. Even if the underlying complaint does state a cause of action for negligence, the Court finds that it, along with the others plead, are premised on the real estate contract for the sale of the property. In other words, but for that contract, there could be no claim for negligence.[5]

Because the factual predicate of the claim is contractual in nature, there is no coverage under the policy notwithstanding the allegations of a tort claim in the complaint. *See Chamberlain v. Allstate Ins. Co.,* 931 F.2d 1361, 1365 (9th Cir.1991) (holding that an insured's homeowners policy provided no coverage because the claims, even those sounding in tort, were based on the existence of a contract); *see also Allstate Ins. Co. v. Hansten,* 765 F.Supp. 614, 616–17 (N.D.Cal.1991) (holding that there was no coverage under the policy, even for those claims for negligent construction and negligent infliction of emotional distress, because such claims were premised on the insureds' contractual liability under the real estate contract).

In general, the claims alleged in the Trombler complaint are simply not the type of claims that the homeowner's policy was designed to cover. Accordingly, the homeowners policy provides no coverage for any of the damages sought by defendants in the Trombler action.

### 2. There Is No "Accident" Within The Meaning of the Policy

■ Even if the type of damages sought in the underlying action were covered under the policy—which they clearly are not—there was no "accident" under the policy. In order for coverage to exist under a given insurance policy, there must be an "occurrence" under the policy. Here, the damages sought against the insured must necessarily arise from an "accident." *See* Homeowner's Policy, Section II at 23, Burke Decl. Ex. A.[6] Defendants contend that the damages resulting from the negligent failure to dredge the dock area and the negligent misrepresentation constitute covered occurrences under the policy.

Defendants argue that the Morgans' negligence, although an intentional act, resulted in unintentional property damage and was therefore an accident covered under the policy. Even assuming that the Tromblers have alleged this negligence in their state court complaint, this argument

---

**4.** The Court notes that plaintiff and defendants have submitted somewhat different versions of the Allstate homeowner's insurance policy. Defendants have submitted form AU1677 which defines property damage as "physical injury to or destruction of tangible property, including loss of its use." Homeowner's Policy at 4, Morgan Decl. Ex. A. In contrast, Allstate has submitted form AU1778 which defines property damage as "physical injury to or destruction of tangible property, including loss of its use resulting from such physical injury or destruction." Homeowner's Policy at 4, Burke Decl. Ex. A. Apparently, defendants have provided the original policy language and Allstate has provided the most recent version of the policy. The Court finds the difference immaterial to its decision because there is no coverage for the damages sought under either definition.

**5.** Defendants contend that the complaint in the underlying state court action alleges a negligence cause of action on page 10 at paragraph 45. The Court, however, is not persuaded by counsel's arguments in support of his interpretation of that document.

**6.** The policy states that "... Allstate will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage *arising from an accident* and covered by this part of the policy." Homeowner's Policy, Section II at 23 (emphasis added), Burke Decl. Ex. A.

must fail. Under California law, an accident refers to "an unexpected, unforeseen, or undesigned happening or consequence from either a known or unknown cause." *Hogan v. Midland Nat'l Ins. Co.*, 3 Cal.3d 553, 559, 91 Cal.Rptr. 153, 476 P.2d 825 (1970) (citation omitted). Defendants maintain that the "loss of use and enjoyment suffered by the Tromblers are the direct result of the failure of the Morgans to dredge and maintain the dock area." Defs.' Mem. at 10. Even assuming that is correct, it cannot be that the build-up of siltation underneath and around the dock was in any way "unexpected, unforeseen, or undesigned." Defendants themselves state that "[d]ue to excessive siltation from the Bay, the lagoon required regular maintenance, including periodic dredging.... At [1986/1987], the property owners with dock easements were informed that they could contract with the dredging company to dredge underneath and around their docks, at the homeowner's expense." Defs.' Mem. at 2–3. Whatever their reasons, the Morgans chose not to dredge around and underneath their dock. In light of their knowledge of the need for dredging, the resulting loss of use and enjoyment was certainly foreseeable and does not constitute an "accident" under the policy. Furthermore, it is irrelevant that the Morgans may not have intended to damage the Tromblers. California courts have held that a loss does not become "accidental" simply because the insured did not intend to cause the injury. *See, e.g., Chamberlain*, 931 F.2d at 1364 (finding that insured's conduct was not accidental merely because he did not intend [plaintiff in underlying action] to be hurt by his intentional acts); *Hartford Fire Ins. Co. v. Karavan Enter., Inc.*, 659 F.Supp. 1075, 1077 (N.D.Cal.1986) (finding that neither the intended act nor any unintended consequences of the act constituted an "occurrence" under the policy, where "occur-

rence" was defined elsewhere in the policy as an "accident"); *Merced Mut. Ins. Co. v. Mendez*, 213 Cal.App.3d 41, 50, 261 Cal. Rptr. 273 (1989) (stating that "where the insured intended all of the acts that resulted in the victim's injury, the event may not be deemed an "accident" merely because the insured did not intend to cause injury.").

■ Defendants' assertion that the alleged misrepresentations were unintentional and therefore accidental in nature, is also without merit. In its previous decision in *Chaney*, this Court discussed the authority holding that negligent misrepresentations do not constitute "accidents" for insurance coverage purposes. *See Chaney*, 804 F.Supp. at 1221 (citing and discussing *Safeco Ins. Co. of Am. v. Andrews*, 915 F.2d 500 (9th Cir.1990) which found that negligent misrepresentations made in conjunction with the sale of property did not qualify as an "accident" for insurance coverage purposes). Accordingly, Allstate's policy does not cover the cause of action for negligent misrepresentation alleged in the underlying action. Moreover, neither the negligence claim nor the negligent misrepresentation or failure to disclose claims constitute claims for damages arising from an accident.

Because the court finds that there is no coverage under the homeowners policy for the causes of action or damages alleged in the underlying state court complaint, it need not reach the remaining issues regarding the types of damages prohibited or excluded under the policy.

C. *Defendant's Request to Continue the Motion for Summary Judgment*

■ After responding to Allstate's motion for summary judgment, defendants make a request for a continuance of the motion.[7] Federal Rule of Civil Procedure

---

7. Defendants state that "[i]f, however, the Court believes that Allstate has put forth sufficient evidence at this time, respondent will request that the motion be continued so that respondent can complete discovery in order to respond to the summary judgment motion." Defs.' Mem. at 15–16. The Court notes the unusual nature of

both responding fully to the motion and asking for a continuance to complete discovery only if the defendants do not succeed in their opposition. Because the Court finds defendants' request does not satisfy Federal Rule of Civil Procedure 56(f), the unusual posture of the request is not dispositive.

56(f) allows the district court to grant a continuance when a party opposing summary judgment wishes to conduct further discovery. Ordinarily, summary judgment should not be granted when there are relevant facts remaining to be discovered, but the party seeking discovery bears the burden of showing what specific facts it hopes to discover that will raise an issue of material fact. *Harris v. Duty Free Shoppers Ltd. Partnership*, 940 F.2d 1272, 1276 (9th Cir.1991) (citing *Continental Maritime v. Pacific Coast Metal Trades*, 817 F.2d 1391, 1395 (9th Cir.1987)).

██ In order to justify its entitlement to the shelter of Rule 56(f), a party opposing summary judgment must present specific facts explaining its inability to make a substantive response as required by Rule 56(e) and demonstrating how postponement of a ruling on the motion will enable it, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact. *Securities & Exchg. Com'n v. Spence & Green*, 612 F.2d 896, 901 (5th Cir.1980), *cert. denied*, 449 U.S. 1082, 101 S.Ct. 866, 66 L.Ed.2d 806 (1981). The party seeking continuance may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts. *Id.*

The determination of the adequacy of a party's Rule 56(f) affidavits and the decision whether to grant a continuance thereon rests in the sound discretion of the district court. *Securities & Exchg. Com'n*, 612 F.2d at 901. The district court should permit discovery if it appears from the affidavits filed that the party opposing the summary judgment motion could not, for reasons stated, present facts essential to justify his opposition. *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1416 (9th Cir. 1987); Fed.R.Civ.P. 56(f).

██ Here, defendants request a continuance to "complete discovery" if the court is inclined to grant the summary judgment motion. Def.'s Memo at 15. Defendants state that "[d]iscovery has not yet been completed in this case" in that "there is a Request for Production of Documents which was served on Allstate Insurance Company" and defendants "have not received all requested documents." Frazier Decl. ¶ 2. Yet, defendants fail to state any specific facts they hope to discover that will raise an issue of material fact. Moreover, defendants present no facts explaining why it is unable to make a substantive response to the motion absent a continuance and further discovery. Indeed, the defendants oppose the motion throughout their Memo without any indication that relevant facts are missing which would raise a material issue of fact.[8] Because defendants have not provided this court with any reason why further discovery is necessary to oppose plaintiff's motion for summary judgment, their request for a continuance is denied.

## IV

## CONCLUSION

Controlling case authorities clearly indicate that none of the claims asserted against the Morgans in the underlying Trombler action are covered by Allstate Insurance Policy No. 034088479. Thus, as a matter of law, the Court finds that Allstate has no duty to defend or indemnify the Morgans in that action. Accordingly,

IT IS HEREBY ORDERED that Allstate's motion for summary judgment is GRANTED and that judgment be entered in favor of Allstate.

IT IS SO ORDERED.

---

8. In response to questions from the Court during oral argument on the instant motion, defendants' counsel conceded that he did not dispute any of the facts set forth in plaintiff's statement of undisputed facts. Moreover, he was unable to provide the Court with any reason as to why he needed additional discovery.