24 F.3d 249
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Bruce ROZET; Deane Earl Ross, Associated Financial
Corporation, Plaintiffs-Appellants,
v.
CITY INSURANCE CO.; National Union Fire Insurance Company
of Pittsburgh, PA; Scottsdale Insurance Company,
Defendants-Appellees.
 No. 92-56584.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 6, 1994.
Decided April 15, 1994.
As Amended July 29, 1994.
 
 Before: BROWNING, PREGERSON, and BRUNETTI, Circuit Judges
 MEMORANDUM*
 I. SCOPE OF COVERAGE UNDER PERSONAL INJURY PROVISION
 Assuming, as the Insurers contend, California law applies, we conclude the Insurers had a duty to defend Rozet in the Johns litigation. "California law requires an insurer to defend lawsuits against its insured if ... the claim brought against the insured raises the potential for covered losses, or if ambiguous language in the policy leads the insured to reasonably expect that a defense will be provided." Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1364 (9th Cir.1991) (citations omitted). If more than one theory of recovery is asserted against the insured in an underlying suit, the insurer must provide a defense for the entire suit if any one of the asserted theories is within the scope of the policy. Hogan v. Midland Nat'l Ins. Co., 3 Cal.3d 553, 563 (1970).
 A. Coverage for "Other Invasion of Right of Private Occupancy"
 The phrase "other invasion of the right of private occupancy" is ambiguous. It is unclear whether the phrase extends beyond deprivation of the right to physically occupy and possess property to include interference with comfortable use and enjoyment of property by means "such as noise, leaky roofs, obstruction of access, obnoxious fumes, . . . actionable on a variety of theories such as . . . nuisance, or trespass." Nirschberg v. Lumbermens Mut. Cas., 795 F.Supp. 600, 604 (N.D. Cal. 1992) (citations and internal quotations omitted). Under the well-established California law, we must resolve this ambiguity in favor of coverage. Gray v. Zurich Ins. Co., 65 Cal.2d 263, 269 (1966).
 Contrary to the Insurer's argument, Titan Corp. v. Aetna Cas. & Surety Co., 22 Cal.App. 4th 457 (1994), does not preclude coverage. First, the policy in Titan specifically excluded the acts of contamination for which the insured faced liability. No similar exclusion applies to Rozet's conduct.
 Second, Titan involved the duty to indemnify, not the duty to defend. See St. Paul Fire & Marine Ins. Co. v. Sears, Roebuck & Co., 603 F.2d 780, 786 (9th Cir. 1979) (Under California law, the duty to defend is broader than the duty to indemnify.); Ohio Cas. Ins. Co. v. Hubbard, 162 Cal.App.3d 939, 944 (1984) (same). Titan expressly distinguished a federal case holding "other invasion of the private right of occupancy" potentially included the selling of a machine containing hazardous chemicals which spilled onto the victim's property on the ground that the federal case dealt only with the duty to defend. 22 Cal.App.4th at 475.
 Finally, Titan's statement that "other invasion" should be restricted to a personal injury (as distinguished from an injury to property) that is the "functional equivalent" of "wrongful entry or eviction," id., is fully consistent with allowing coverage in this case. Rozet's failure to maintain Tyler House in a habitable condition as required by Washington, D.C. law, unlike the conduct at issue in Titan, was the "functional equivalent" of constructive eviction. See Beltway Mgmt. Co. v. Lexington-Landmark Ins., 746 F.Supp. 1145, 1155 (D.D.C. 1990) ("[T]he rights protected by the tort of constructive eviction and those assured under the warranty of habitability are functionally indistinguishable under District of Columbia law . . . . [C]onstructive eviction assures a tenant of a premises fit for possession, which is precisely what the warranty of habitability assures.")
 B. Nature of Claims in Underlying Suit
 An insurance policy provision obligating the insurer to pay "all sums which the insured shall become legally obligated to pay as damages" covers only tort liability--not liability for breach of contract. Fragomeno v. Insurance Co. of the West, 207 Cal.App.3d 822, 828 (1989); Fireman's Fund Ins. Co. v. City of Turlock, 170 Cal.App.3d 988, 997-98 (1985); International Surplus Lines Ins. Co. v. Devonshire Coverage Corp., 93 Cal.App.3d 601, 610-11 (1979). To determine whether the claim against the insured "sounds in contract or in tort the gravamen of the facts giving rise to the right to recovery must be examined. If the right to recover ... emanates from the breach of a lease provision ..., then the right to recover [is contractual]." Fragomeno, 207 Cal.App.3d at 830.
 The district court erred in concluding the "fundamental nature" of the negligence claim asserted against Rozet was contractual. The tenants' "right to recover" for negligence emanated not from a contractual provision, but from a duty imposed by statute. The underlying complaint alleged:
 38. The District of Columbia Housing Code imposes a duty of reasonable care upon owners and their agents to repair defects that cause rental property to fall below code standards.
 39. By permitting the existence of the indecent, unsafe and unsanitary conditions ... [the Policyholders] breached their duty of reasonable care.
 Towers Tenant Ass'n, Inc. v. Towers Ltd. Partnership, 563 F.Supp. 566, 571 (D.D.C.1983) (District of Columbia housing regulations "impose a duty of reasonable care on a landlord, the breach of which can result in landlord liability to his tenants for negligence. In other words, a landlord has a duty to repair housing defects which cause the building to fall below code standards." (citations omitted)). California law classifies the violation of this duty as a tort. Stoiber v. Honeychuck, 101 Cal.App.3d 903, 922-23 (1980) (applicable statute requiring landlords "to maintain the premises ... in safe and habitable condition" imposes duty of reasonable care "to avoid foreseeable injury to others" and is the basis for a negligence action).
 The cases relied upon by the Insurers involved the violation of express contractual provisions rather than a duty imposed by statute. See, e.g., Chamberlain, 931 F.2d at 1365; Allstate Ins. Co. v. Hansten, 765 F.Supp. 614, 616 (N.D.Cal.1991); Fragomeno 207 Cal.App.3d at 831; Turlock, 170 Cal.App.3d at 992-93; Devonshire, 93 Cal.App.3d at 606-07. There is no indication the underlying suit in Home Indem. Co. v. Avol, 706 F.Supp. 728 (C.D.Cal.1989) (holding underlying claim for breach of implied warranty of habitability not covered under personal injury provision), alleged the breach of a statutory duty arising independently of the warranty of habitability implied into the lease. To the extent Avol supports the Insurers' position, it is in conflict with California law holding the statutory duty to maintain premises arises independently of any contract.[1]
 C. Nature of Damages Sought in Underlying Suit
 We reject the Insurers' argument that coverage is precluded because the underlying complaint sought repayment of "all rent paid by the plaintiff class between January 22, 1988 and August 4, 1989." The underlying complaint makes clear that the damages sought were not "restitutionary," but compensatory and punitive:
 WHEREFORE, plaintiffs respectfully request that the Court:
 a. [A]ward the plaintiff class compensatory damages in an amount to be proved at trial, including but not limited to all rent paid by the plaintiff class between January 22, 1988 and August 4, 1989;
 b. [A]ward the plaintiff class punitive damages in the amount of $10 million.
 See Stoiber, 101 Cal.App.3d at 922 (tort claim by tenant for breach of statutory duty sought, among other relief, "compensatory damages for the discomfort and annoyance she suffered" and for "injury to her tenancy interest (right to habitable premises) which is a species of property"). Whether or not these damages are paid with funds the Policyholders received in the form of rent from the tenants, nothing distinguishes them from standard tort damages typically covered under the personal injury provision of an insurance policy.
 D. Coverage for "Willful" Conduct
 Finally, we reject the Insurers' argument that California law precludes coverage because the Policyholders' conduct toward the tenants' was "willful." "A clear line of authority in California directs that even an act which is intentional or willful within the meaning of traditional tort principles will not exonerate the insurer from liability under [Sec.] 533 unless it is done with a preconceived design to inflict injury." Zurich Ins. Co. v. Killer Music, Inc., 998 F.2d 674, 679 (9th Cir.1993) (citations and internal quotations omitted). "The possibility that Sec. 533 might operate to exclude coverage does not excuse [the Insurers'] initial decision to deny coverage. [I]n order to rely upon Section 533 ... [the Insurers] must show that information available to [them] at the time demonstrated that [the tenants in the underlying suit were] required to establish that [the Policyholders] intended [to harm them], not merely that [the Policyholders] intended to act." Id. (citations and internal quotations omitted). No showing of intent was required to succeed on the negligence claim.[2]
 II. PRECLUSION OF COVERAGE UNDER "LOSS-IN-PROGRESS" RULE
 Since the district court found the claims in the underlying suit were outside the scope of the personal injury provision of the policies, it never reached the Insurers' second ground for summary judgment--the "loss-in-progress" rule. We therefore remand to allow the district court to address this issue.
 III. LIABILITY FOR BAD FAITH
 The Insurer's duty to defend subjects them to liability for bad faith only if their denial of coverage was unreasonable. Franceschi v. American Motorists Ins. Co., 852 F.2d 1217, 1220 (9th Cir. 1988). We do not find their interpretation of California law so unreasonable as to justify bad faith liability. We therefore affirm the dismissal of Rozet's bad faith claim.
 AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3. The parties are familiar with the facts and issues, and we will not repeat them
 
 
 [1]
 Loyola Marymount Univ. v. Hartford Accident & Indem. Co., 219 Cal.App.3d 1217, 1221 (1990) is also easily distinguishable. The court's denial of coverage in that case was based on an express exclusion in the policy. Since we conclude negligence is a tort claim covered under the policy, we do not address whether a claim for breach of the implied warranty of habitability is grounded in contract or tort law
 
 
 [2]
 Coit Drapery Cleaners, Inc. v. Sequoia Ins. Co., 14 Cal.App.4th 1595 (1993), on which the Insurers rely, does not compel a different result. That case involved coverage for sexual harassment, conduct which the court characterized as "inherently" intentional. The complaint against Rozet, in contrast, alleges negligent breach of a statutory duty to properly maintain rental property