46 F.3d 1138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Patrick BOYD, Estate of James Patrick Boyd deceased;
Eva Barbara Boyd, individually and as Co-Trustees
of the Boyd Living Trust, Plaintiffs-Appellants,
v.
The TRAVELERS INDEMNITY COMPANY, a Connecticut Corporation;
Travelers Indemnity Company of America, a Georgia
Corporation; Travelers Indemnity Company of Illinois, an
Illinois Corporation; Travelers Indemnity Company of Rhode
Island, a Rhode Island Corporation; Travelers Insurance
Company, a Connecticut Corporation; Phoenix Insurance
Company, a Connecticut Corporation, Defendants-Appellees.
 No. 93-15859.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Dec. 16, 1994.
Decided: Jan. 6, 1995.
 
 Before: HUG, CANBY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants, the Estate of James Patrick Boyd and Eva Barbara Boyd ("Boyds") appeal the district court's grant of summary judgment in favor of appellee, The Travelers Indemnity Company, et al. ("Travelers"). The district court found that Travelers did not breach its duty to defend the Boyds in an underlying third-party lawsuit because the damages sought in that suit were specifically excluded from coverage by a clause in the policy. We affirm.
 
 FACTS
 
 3
 From 1957 to 1978, James Boyd operated a fuel distribution center for ARCO. In 1978, Boyd bought the center from ARCO but did not use the property for fuel distribution with the exception of a one week period. During this period, Boyd maintained general commercial liability insurance under a policy issued by Travelers. On September 12 1989, Boyd sold the property to the Curros. Shortly thereafter, the Curros filed suit against the Boyds and ARCO because the land they had purchased from Boyd was contaminated from fuel leakage.
 
 
 4
 Boyd tendered the Curros' claims to Travelers for defense. Travelers, however, denied a duty to defend because the policy specifically excluded claims relating to damages arising from the alienation of the insured's property. The Boyds subsequently settled their lawsuit with the Curros and brought this action against Travelers for breach of its duty to defend. The district court found that coverage was precluded by an explicit exclusionary clause in the policy and therefore granted summary judgment in favor of Travelers. This appeal followed.
 
 
 5
 We review de novo a district court's grant of summary judgment. Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994). As the reviewing court, we are not bound by the trial court's interpretation of an insurance contract where that interpretation is not based on the credibility of conflicting extrinsic evidence as to which the trial court was in a better position to form a judgment. Milazo v. Gulf Insurance Co., 274 Cal. Rptr. 632, 636 (Ct. App. 1990). This court may therefore make an independent interpretation of the written contract as it applies to these facts. Id.
 
 
 6
 I. Did Travelers Breach its Duty to Defend?
 
 
 7
 It is well-settled in California that an insurer's duty to defend is broader than its duty to indemnify. Horace Mann Ins. Co. v. Barbara B., 846 P.2d 792, 795 (Cal. 1993). Under California law, an insurer such as Travelers must defend its insured against all claims that potentially seek damages within the coverage of the policy. Id. The court may examine the complaint as well as facts extrinsic to the complaint to determine whether there was a possibility that the claim may have been covered by the policy. Id.
 
 
 8
 The Curros' complaint alleged eleven causes of action. The Boyds argue that some of these allegations presented the prospect of potential liability that triggered Travelers' defense duty as a matter of law. Travelers argues that all causes of action arise from the sale of the insured's property and that coverage for this type of loss is specifically excluded from the policy. The relevant exclusionary provision reads as follows:
 
 B. Exclusions:
 1. Coverages A and B do not apply:
 
 9
 ....
 
 
 10
 (i) to property damage:
 
 
 11
 (1) to property owned by the Insured or, ... property held by the insured for sale ...;
 
 
 12
 ....
 
 
 13
 (j) property damage to premises alienated by the Named Insured arising out of such premises or any part thereof;
 
 
 14
 Contrary to the Boyds' arguments, the language of the policy is clear and unambiguous. From the policy as a whole it is clear that Travelers owed no duty to indemnify or defend the Boyds for any damage to the Boyds' own property, whether presently owned or following sale to a third-party.
 
 
 15
 The Boyds' reliance on AIU Ins. Co. v. FMC Corp., 51 Cal.3d 807 (1990) is misplaced. While AIU found that general liability policies potentially covered government-sought cleanup as "damages," id. at 825-42, the ruling concerned the policies' coverage clauses only, and did not consider the effect of exclusions. Id. at 814. Moreover, the insurers in AIU did not contend that the cleanup costs at issue in that case were excluded by the "owned property" exclusion. Id. at 818 n.7. AIU therefore furnishes no guidance on the effect of the exclusion in this case.
 
 
 16
 Any claims based on fraud or negligent misrepresentation would not be covered under the policy issued by Travelers. California law is clear that indemnification against the insured's own fraud is against public policy. See, e.g., Allstate Ins. Co. v. Hansten, 765 F.Supp. 614, 616 (N.D. Cal. 1991); Cal. Civ. Code Sec. 1668 et. seq. (West 1994) (prohibiting contractual arrangements that indemnify anyone for "his own fraud, or willful injury to the person or property of another"). California includes negligent misrepresentations within the definition of fraud. Hansten, 765 F.Supp at 616; Blankenheim v. E.F. Hutton, 266 Cal. Rptr. 593, 599 (Ct. App. 1990). The Boyds' argument that such a reading renders meaningless the policy's promise to defend suits that are "groundless, false or fraudulent" must also fail. This clause, as Travelers correctly points out, applies to claims for bodily injury or property damage that happen to be "groundless, false or fraudulent," and not necessarily all claims alleging fraud. In other words, the duty to defend arises when a claim, if not groundless or fraudulent, would otherwise be covered by the policy.
 
 
 17
 The Boyds' remaining arguments attempt to construe as property damage economic losses based on contract law. If those losses qualify as damage to property, however, it is to property owned or alienated by the Boyds, which falls squarely within the policy's exclusion. If, on the other hand, the losses suffered by the Curros are viewed not as property damage but as a lost benefit of their bargain, such losses do not fall within the policy's liability coverage. See Safeco Ins. Co. v. Andrews, 915 F.2d 500, 502 (9th Cir. 1990). Although the Curros allege causes of action under theories of negligence and negligence per se, these types of losses are specifically excluded from the policy's coverage where the only claimed damage is to property that had been owned by the Boyds during the coverage period.
 
 
 18
 There was no claim or potential claim in the action brought by the Curros that did not arise out of the alienation of the Boyd's property. See Montrose Chemical Corp. v. Superior Court, 861 P.2d 1153, 1157 (Cal. 1993) (holding that duty to defend depends upon allegations of the complaint and facts known to the insurer concerning potential claims).
 
 
 19
 Because all claims arising out of the alienation of the insured's property are specifically excluded from coverage, Travelers had no potential liability and, therefore, its duty to defend did not arise. We conclude that the district court did not err by granting summary judgment in favor of Travelers.
 
 
 20
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3