79 F.3d 1154
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SYUFY ENTERPRISES, a California limited partnership;
Raymond J. Syufy, individually and as general
partner of Syufy Enterprises,
Plaintiffs-Appellants,
v.
ST. PAUL SURPLUS LINES INSURANCE COMPANY, Defendant-Appellee.
 No. 94-16986.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.*
Decided March 14, 1996.
 
 1
 Before: HALL and BRUNETTI, Circuit Judges, and WEINER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 The appellee, St. Paul, provides general liability insurance for the appellants (collectively "Syufy"). The question presented is whether the district court erred in granting summary judgment for St. Paul, on the grounds that St. Paul owed Syufy no duty to defend in the underlying action according to the terms of their insurance contract.
 
 
 4
 The underlying action arose when Syufy began construction of an indoor theater complex on part of a site it leased to Story Road Flea Market, Inc. for use as a flea market during designated hours. Story Road filed in California superior court a suit seeking a declaration, damages and specific performance of the lease agreement; one year into the proceedings it filed a motion for a preliminary injunction. When St. Paul refused to defend the suit, Syufy brought this action in federal district court.
 
 
 5
 The duty to defend is broad; however, where the scope of basic coverage is at issue, the insured has the burden to show that a claim is within the "nature and kind" of risks covered. Hartford Fire Ins. Co. v. Karavan Enterprises, Inc., 659 F.Supp. 1075, 1076 (N.D.Cal.1986) (citing Royal Globe Ins. Co. v. Whitaker, 226 Cal.Rptr. 435, 436 (1986)); see also, Horace Mann Ins. Co. v. Barbara B., 4 Cal.4th 1076, 1081 (Cal.1993); Ins. Co. of the West v. Haralambos Beverage Co., 241 Cal.Rptr. 427, 430 (Cal.Ct.App.1987). Here the burden lay with Syufy to show the possibility of coverage.
 
 
 6
 The operative clause of the insurance policy states that St. Paul is liable for amounts which Syufy "is legally required to pay as damages" for "bodily injury, property damage or fire damage," "personal injury or advertising injury." California courts consistently interpret such insurance policy language to mean that the insurer will owe for liability arising in tort alone, and not in contract. See, e.g., Fragomeno v. Ins. Co. of the West, 255 Cal.Rptr. 111, 114 (Cal.Ct.App.1989); Haralambos, 241 Cal.Rptr. 427, 430. To prevail, Syufy had to show that it faced liability for damages in tort.
 
 
 7
 Syufy attempts to circumvent this well established principle by observing that some of the claims asserted against it have, at least in theory, both contractual and tortious elements. However, the law regarding coverage for claims of mixed tort and contract is commonsensical. "The key question is whether the duty that gives rise to liability is independent of the contract or rests upon it. If liability stems from the contract, the policy will not cover any award even if some of the damages are based on tort claims arising from the contractual relationship." Stanford Ranch, Inc. v. Maryland Cas. Co., 883 F.Supp. 493, 496 (E.D.Cal.1995). Hence, claims of fraud in the inducement or negligent misrepresentation may be considered contractual rather than tortious if the duty of disclosure is predicated upon a contract. Id. (citing Haralambos, 241 Cal.Rptr. at 431; Allstate Ins. Co. v. Morgan, 806 F.Supp. 1460, 1464-65 (N.D.Cal.1992). In other words the question may be phrased: "But for the contract, would a cause of action subsist?" Id. at 497; accord Aim Ins. Co. v. Culcasi, 280 Cal.Rptr. 766, 768 (Cal.Ct.App.1991) (finding coverage for injured woman who sustained medical expenses due to employer's wrongful denial of her medical insurance).
 
 
 8
 As the district court correctly observed, nothing in the record discloses a potential for tort liability independent of the lease agreement. Turning to Story Road's amended complaint against Syufy, each cause of action in damages is predicated upon a breach of the lease; these are: breach of the contract, breach of the implied covenant of good faith and fair dealing, anticipatory breach, constructive fraud and breach of fiduciary duty. (The final two causes of action, seeking declaratory and injunctive relief, do not qualify as damages.) But for the existence of the lease, these actions would not lie.
 
 
 9
 Syufy argues that we should also consider the statements made in Story Road's motion for a preliminary injunction, and the accompanying evidentiary materials, to find in the record independent causes of action in tort. These materials purportedly indicated that Syufy damaged some of Story Road's leased property, limited its use, and diminished Story Road's business reputation; furthermore, Story Road alleged acts of alleged wrongful eviction and wrongful entry. We need not consider these submissions.[1] Story Road complained of these actions only in the context of a motion for a preliminary injunction, which is, of course, a form of equitable relief not covered by the policy. Whether or not Story Road could have profitably added these factual allegations to its suit in damages, it chose not to do so. Thus, at the time of the underlying suit, it was a matter of tenuous speculation whether Story Road would ever take action to recover substantial damages from Syufy on the basis of Syufy's allegedly tortious conduct. Although a third party like Story Road cannot be the "arbiter" of Syufy's insurance coverage, "the insured may not speculate about unpled third party claims to manufacture coverage." Hurley Const. Co. v. State Farm Fire and Casualty Co., 12 Cal.Rptr.2d 629, 631 (Cal.Ct.App.1992) (citing Gray v. Zurich Ins. Co., 54 Cal.Rptr. 104 (Cal.1966); Fire Ins. Exchange v. Jiminez, 229 Cal.Rptr. 83 (Cal.Ct.App.1986). St. Paul surely had no duty to defend Syufy against such spectral claims.
 
 
 10
 Because the policy imposed on St. Paul had no duty to defend Syufy against contractual claims or claims in equity, we affirm the district court's order of summary judgment for St. Paul.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Hon. Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Even if we did, it is not at all clear that the complaints state viable extra-contractual causes of action